FILED'10 MAR 16 10:34USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

UNITED STATES OF AMERICA,

                Plaintiff/Respondent,

      v.

SPENCER C. HECKATHORNE,

                Defendant/Petitioner.

CR 01-98-RE
CV 04-1897-RE


OPINION AND ORDER

REDDEN, Judge:

      Before the court are petitioner Spencer C. Heckathorne's Motions (doc. 59, 110, and 112) to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. An evidentiary hearing is not required. For the reasons set forth below, I DENY the motions.

## **Background**

      On March 6, 2001, a grand jury returned an Indictment charging petitioner with two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). On March 29,

PAGE 1 - OPINION AND ORDER

2001, the government filed an Information for Enhancement of Penalty under the Armed Career

Criminal Act, which mandates a minimum fifteen-year sentence for any felon convicted of

possessing a firearm after three prior violent felony convictions. 18 U.S.C. § 924(e).  Petitioner's

1981 felony conviction for Assault with a Deadly Weapon in Riverside County, California was

one of three predicate convictions for the enhancement.

On September 5, 2002, petitioner pled guilty to Count 1 of the Indictment pursuant to a

plea agreement.  The plea agreement reflected an agreed-upon sentence of 180 months under the

Armed Career Criminal Act.  On November 14, 2002, the court granted defense counsel Andrew

Bates' motion to withdraw as counsel, and appointed Thomas Coan to represent petitioner.  On

May 5, 2003, the court granted petitioner's motion to withdraw his earlier guilty plea.

On May 15, 2003, petitioner pled guilty to Count 1 of the Indictment pursuant to North

Carolina v. Alford, 400 U.S. 25 (1970), and the court granted the government's oral motion to

dismiss Count 2.  The plea petition and attached plea agreement specified that the government

would recommend a fifteen-year sentence under the Armed Career Criminal Act.  That same day,

the court sentenced petitioner to the mandatory-minimum fifteen years in prison.  On May 22,

2003, the court filed the Order of Judgment and Commitment and Findings of Fact, which

indicate that the parties agreed to the mandatory fifteen-year sentence.

Petitioner did not appeal his conviction or sentence.  On December 24, 2004, petitioner

filed a pro se Motion (doc. 59) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §

2255.  See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (habeas petition

constructively filed on date that petitioner delivers the papers to prison authorities for mailing).

On February 1, 2005, the court appointed John Storkel to represent petitioner.

PAGE 2 - OPINION AND ORDER

Based on counsel's need to conduct additional investigation, await the result of state collateral proceedings, and obtain petitioner's affidavit, petitioner filed several motions to continue the deadline for filing an amended habeas petition. The government did not object, and the court granted each of petitioner's motions to continue. On February 20, 2009, petitioner filed an Amended Motion (doc. 110) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The court then granted petitioner's motion to file a Second Amended Motion (doc. 112).

## Legal Standards

Title 28, United States Code, Section 2255(a), provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The court must hold an evidentiary hearing to determine the validity of a 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Conclusory statements are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

## Discussion

There is no need for an evidentiary hearing in this case because the motion is untimely,

PAGE 3 - OPINION AND ORDER

and the record conclusively demonstrates that petitioner is entitled to no relief.

**A. Statute of Limitations**

Motions under Section 2255 are subject to a one-year statute of limitations. 28 U.S.C. §

2255(f). The one-year period runs, in relevant part, from the "the date on which the judgment of

conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment becomes final "upon the

expiration of the time during which [petitioner] could have sought review by direct appeal."

United States v. Schartz, 274 F.3d 1220, 1223 (9th Cir. 2001). When a defendant does not file a

direct appeal, his judgment of conviction becomes final ten days after the entry of judgment and

findings of fact. Id.; Fed. R. App. P. 4(b)(1).[1]

The one-year limitation period under 28 U.S.C. § 2255(f) may be equitably tolled if

"extraordinary circumstances" beyond a petitioner's control make "it impossible to file a petition

on time and the extraordinary circumstances were the cause of his untimeliness." United States

v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). "[T]he threshold necessary to trigger equitable

tolling [under Section 2255] is very high, lest the exceptions swallow the rule." Miranda v.

Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Here, the court entered its Order of Judgment and Conviction and Findings of Fact on

May 22, 2003. Because petitioner did not file an appeal, his judgment of conviction became final

on, or about June 1, 2003. Accordingly, petitioner had until June 1, 2004, to timely file a motion

for relief under 28 U.S.C. § 2255. He did not file the present 2255 Motion until December 24,

---

[1]At the time of his sentencing, petitioner had ten days to file a notice of appeal from his
sentence. Fed. R. App. P. 4(b)(1)(A) (2002). As of December 1, 2009, a criminal defendant has
fourteen days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A) (amended Dec. 1, 2009). This
change does not affect the disposition of petitioner's 2255 motion.

2004, more than six months after the expiration of the one-year statute of limitations. Petitioner has failed to demonstrate any "extraordinary circumstances" beyond his control that made it impossible for him to timely file his 2255 motion. Consequently, his motion must be dismissed as untimely. Even if petitioner had timely filed his 2255 motion, the record conclusively demonstrates that he is entitled to no relief.

**B. Armed Career Criminal Act**

Petitioner contends that he was improperly convicted of being an armed career criminal. He alleges that pursuant to a plea agreement with the Riverside County prosecutor, his 1981 felony conviction for Assault with a Deadly Weapon was to be reduced to a misdemeanor upon completion of his two-year sentence in that case. Although there are no records to support this allegation, petitioner argues that his 1981 conviction cannot be used to support his sentence under the Armed Career Criminal Act. He maintains that his conviction was eligible for misdemeanor treatment under California Penal Code § 17(b). This claim is without merit.

The Armed Career Criminal Act mandates a fifteen-year minimum sentence for felons who unlawfully possess a firearm after "three previous convictions . . . for a violent felony. . . ." 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B).

To determine whether a prior conviction is a "violent felony" under the Armed Career Criminal Act, courts use the "categorical approach" outlined in Taylor v. United States, 495 U.S. 575 (1990). Under this approach, courts "do not examine the facts underlying the prior offense,

PAGE 5 - OPINION AND ORDER

but look only to the fact of conviction and the statutory definition of the prior offense." <u>United States v. Piccolo</u>, 441 F.3d 1084, 1086 (9th Cir. 2006) (citation and quotation omitted). If the statute would support a conviction not defined as a violent felony, the conviction does not categorically qualify as a predicate offense. <u>Id</u>.

The government filed an Abstract of Judgment-Conviction from the Superior Court of California, Riverside County, which is sufficient to prove that petitioner was convicted for Assault with a Deadly Weapon. <u>United States v. Snellenberger</u>, 548 F.3d 699, 702 (9th Cir. 2008). The Judgment indicates that petitioner pled nolo contender, and was convicted on two counts of Assault with a Deadly Weapon in violation of California Penal Code 245(a). <u>Id</u>. On April 27, 1981, he was sentenced to two years in state prison. Gov. Ex. 1. There is no indication that petitioner's conviction was to be reduced to a misdemeanor upon completion of his sentence.

California Penal Code § 245(a) provides, in relevant part:

> Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.

Cal. Penal Code § 245(a).

Applying the categorical approach outlined in <u>Taylor</u>, petitioner's conviction for Assault with a Deadly Weapon under California Penal Code § 245(a) "qualifies as a violent felony under section 924(e)(2)(B)(i)." <u>United States v. O'Neal</u>, 937 F.2d 1369, 1372 (9th Cir. 1990), *overruled on other grounds by* <u>United States v. Sahakian</u>, 965 F.2d 740 (9th Cir. 1992). The offense plainly "has as an element the attempted use of physical force against the person of

another." 18 U.S.C. § 924(e)(2)(B)(I); People v. Colantuono, 7 Cal. 4th 206, 214 (Cal. 1994)

(assault is an "unlawful attempt, coupled with the present ability, to commit a violent injury on

the person of another, or in other words, it is an attempt to commit a battery"). It also "involves

conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. §

924(e)(2)(B)(ii); People v. Williams, 26 Cal. 4th 779, 788 (Cal. 2001) ("a defendant guilty of

assault must be aware of the facts that would lead a reasonable person to realize that a battery

would directly, naturally and probably result from his conduct"). Finally, the offense is

punishable by a term of imprisonment exceeding one year. Cal. Penal Code § 245(a).

Accordingly, petitioner's conviction for Assault with a Deadly Weapon under California Penal

Code § 245(a) categorically qualifies as a "violent felony" under the Armed Career Criminal Act.

      Petitioner's allegation that the Riverside County prosecutor agreed to reduce his felony

conviction to a misdemeanor upon completion of his two-year sentence is simply not credible.

There is no record of any such plea agreement. Neither the plea petition, nor the Judgment from

Riverside County indicate that petitioner's conviction would be treated as a misdemeanor. See

Def.'s Ex. 1-B; Gov. Ex. 1. His counsel, the Riverside County prosecutor, and the Superior

Court Judge in Riverside County have no recollection, or any record of such an agreement.

Petitioner also failed to raise this issue prior to sentencing in this case, and there is no evidence

that he ever mentioned it to either of his previous attorneys. Petitioner knew that the government

planned to use his 1980 conviction for Assault with a Deadly Weapon as a predicate conviction

for the Armed Career Criminal Act enhancement. The plea petitions and plea agreements in this

case specified that he was subject to a fifteen-year sentence under the Armed Career Criminal

Act based on his 1981 felony conviction. Yet, petitioner never mentioned the alleged plea

PAGE 7 - OPINION AND ORDER

agreement to this court, or either of his prior attorneys. If there was such plea agreement, one would think that petitioner would have mentioned it before this court imposed a fifteen-year sentence based on that felony conviction. Petitioner's conclusory allegations are not credible.

Contrary to petitioner's argument, his felony conviction for Assault with a Deadly Weapon could not have been reduced to a misdemeanor under California Penal Code § 17(b). That statute sets out the narrow circumstances in which a felony conviction, such as Assault with a Deadly Weapon, may be treated as a misdemeanor:

> When a crime is punishable, in the discretion of the court, by imprisonment in state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes in the following circumstances:
>
> (1) After a judgment imposing a punishment other than imprisonment in the state prison.
> . . .
>
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. . .

Cal. Penal Code § 17(b)(1)-(5).[2]

Petitioner's conviction for Assault with a Deadly Weapon could not have been reduced to a misdemeanor under California Penal Code § 17(b) because neither of those exceptions apply. Petitioner was sentenced to two years in state prison in connection with his conviction for Assault with a Deadly Weapon. A felony may be treated as a misdemeanor under Section 17(b)(1) only when the court imposes punishment "other than imprisonment." Id. § 17(b)(1)

---

[2]The other exceptions described in California Penal Code § 17(b) are not relevant. Section 17(b)(2) applies to youth offenders. Section 17(b)(4) allows a prosecutor to file a complaint designating an offense as a misdemeanor. Section 17(b)(5) allows a magistrate to declare an offense a misdemeanor at or before the preliminary hearing.

(emphasis added). Similarly, petitioner's conviction cannot be reduced to a misdemeanor under

Section 17(b)(3) because that section only applies when the court "grants probation without the

imposition of sentence." Id. § 17(b)(3) (emphasis added). Under California law, the court's

imposition of a prison term for petitioner's Assault with a Deadly Weapon conviction "rendered

the offense a felony" for all purposes. People v. Wood, 62 Cal. App. 4th 1262, 1267 (Cal. Ct.

App. 1998) ("Imposition of a prison term . . . rendered the offense a felony."). In fact, Section

17(b)(3) "precludes the court from reducing felonies to misdemeanors where [as here] a prison

sentence has been imposed before probation was granted." Id. at 1264. Because the California

Superior Court, Riverside County sentenced petitioner to two years in state prison, his conviction

for Assault with a Deadly Weapon could not have been reduced to a misdemeanor under

California Penal Code 17(b).

### C. Supervised Release

Petitioner also argues that this court's imposition of a two-year term of supervised release

in this case was unlawful because the Armed Career Criminal Act, 18 U.S.C. § 924(e), does not

specifically authorize the imposition of supervised release. This argument is without merit.

Petitioner was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1),

which is a class C felony. See 18 U.S.C. § 3559 (A felony is classified as a Class C felony "if the

maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more

years . . . ."); see also 18 U.S.C. § 924(a)(2) (maximum ten-year term of imprisonment for felon

in possession).[3] Under 18 U.S.C. § 3583(b)(2), the court may impose up to three years of

---

[3]Felon in possession is generally a Class C felony. Courts have held, however, that a
conviction under the Armed Career Criminal Act is a Class A felony. See United States v.
McMahon, 182 F.3d 934 (10th Cir. 1999) (unpublished disposition upholding imposition of five-

PAGE 9 - OPINION AND ORDER

supervised release for a Class C felony.  This court's imposition of a two-year term of supervised release was lawful.  Petitioner's supervised release argument is without merit.

### D. Ineffective Assistance of Counsel

Finally, petitioner suggests that trial counsel was constitutionally ineffective for failing to challenge the felony status of his 1980 conviction and failing to object to the court's imposition of supervised release.  Because both of these arguments are without merit, see supra, petitioner's ineffective assistance of counsel claim must fail.  See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").  Moreover, petitioner has failed to demonstrate that his attorneys' purportedly deficient performance actually caused any prejudice.

### Conclusion

For the reasons stated above, petitioner's Motions (doc. 59, 110, and 112) to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 are DENIED.  Because the files and records of this case conclusively show that the prisoner is entitled to no relief, an evidentiary hearing is not required.

IT IS SO ORDERED.

DATED this ___15___ day of March, 2010.

James A. Redden
United States District Judge

---

year term of supervised release under the Armed Career Criminal Act); see also United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (holding that a life sentence is authorized by 18 U.S.C. § 924(e));18 U.S.C. § 3559(a)(1); 18 U.S.C. § 3583(b)(1).

PAGE 10 - OPINION AND ORDER